Tas%or, C. J.
This case does not call for an opinion as to the right of every citizen to fish in an arm of the ⅞€3, but only as to the right of taking oysters within the pounds of another’s patent although between the high and low water marks. These rocks form, in many instances, a part of the permanent value of the freehold, become the source Of profit to the owner by converting the shells into lime, and are sometimes the foundation of lucrative establishments, of which Shell Castle is an instance. The right of taking fish in the sea, or the arms thereof, belongs to every one as a common of Piscary ; but even this may be restrained, where an individual hath gained exclusive property.* And this may be acquired by grant or prescription ;† but it being considered as a royalty, it would not pass without special and express words.‡ Where a gj.ant; abqtS upon the sea or a navigable river, it stops, according to the common law, at the ordinary highwater mark j and the shore, that is, the ground between the high and low water marks, belongs of common right, to the king.§ But it seems to be wejl settled, that, whatever is below the bighwater mark may be granted by the king, of which many instances are put in the book already cited. The charter of Car. 11, to the lords’ proprietors is an illustration of the form used by the crown in the grant of royalties. As the grant under which the Plaintiff claims, actually takes in these oyster-rocks, I am of opinion, that as to them, he has an exclusive property, and that the Defendant has committed a tr^pass in taking them away. In a late case, the common law right to take sea fish is recognized, subject however to abridgment or restriction; but the Courts say, as no case has been cited support the claim of taking shells» they would pause before they established it. ǁ
Dañieí,, J.
The rocks and marshes in the Sound, which are covered with water at flood tides and bare «rhpn the tides ebb, are subject to the operation of th$ *183 fntry laws. “ The shores may not only belong to subject in gross, which may possibly suppose a grant, before the time of memory, but it may be parcel of a manor.”* So it may be parcel of a ville or parish.† The Parson of Sutton, about the 14th Car. 1, had a verdict for the ' tithes at Sutton. Marsh in Lincolnshire, although it was the main shore of the sea, covered at ordinary tides, and Without the old Sea banks.‡
I do not see any inconvenience the public can sustain in permitting the place mentioned in the present case, , . ■ ™ ... , . be patented. 1 ne navigation is not, nor cannot be ob-strutted, by works or fixtures which the Plaintiff may place upon it.§
Gn the second point, I am of opiniop, the charge of the Court, as to the grounds upon which the jury should assess the damages, was correct.
The rest of the Court concurred.*

 Hale, de Jure Maris, 11.

 Ibid 43.

 2 Bl. 39.

 Hale de Jure Maris, 12

 Bagott Orr, 2 Bos. & Pul. 479

 Ba Ab.Prerogative, B 3.

 4 Bac Ab. 499 (Gwill. edit.) Batture case.

Livingston v. Jefferson, Law Journal

 1 Hayw. 489.

 Seawell, J. gave no opinion.